FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2010 NOV -2  A 9:03

CL..........................
/.................................

MARY K. SEELY, PERSONAL REPRESENTATIVE
OF MARK L. TINGEN,

Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
A Delaware corporation authorized to
transact business in Virginia
Serve: Corporation Service Company, Reg. Agent
11 S 12th Street
P.O. BOX 1463
Richmond, VA 23218

and

STANLEY BLACK & DECKER, INC.,
a Connecticut corporation authorized to
transact business in Virginia
t/a The Stanley Works, Inc.
t/a Stanley Access Technologies
Serve: CT Corporation System, Reg. Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060-6802

and

STANLEY ACCESS TECHNOLOGIES, LLC
a Delaware limited liability company
authorized to transact business in Virginia
Serve: CT Corporation System, Reg. Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060-6802

Defendants.

Case No. 1:10cv1243
LMB /IDD

## COMPLAINT and JURY TRIAL DEMAND

Plaintiff Mary K. Seely, Personal Representative of Mark L. Tingen, by counsel, moves this court for judgment against Defendants Home Depot U.S.A., Inc., Stanley Black & Decker, Inc. t/a The Stanley Works, Inc. and Stanley Access Technologies, and Stanley Access Technologies, LLC, jointly and severally, in the following amounts and on the following grounds:

### Parties

1.      Plaintiff Mary K. Seely, Personal Representative of Mark L. Tingen (*Mary K. Seely, Personal Representative*) is a resident of Virginia.

2.      Defendant Home Depot U.S.A., Inc. (*Home Depot*) is Delaware corporation registered to transact business in Virginia.

3.      Defendant Stanley Black & Decker, Inc., is a Connecticut corporation, registered to transact businesss and which does business in Virginia as, among other fictitious names, The Stanley Works, The Stanley Works, Inc., and Stanley Access Technologies, and is the successor in interest of The Stanley Works as the result of a merger between it and The Black & Decker Corporation.

4.      Defendant Stanley Access Technologies, LLC is a Delaware limited liability corporation registered to transact business in Virginia and a subsidiary of Defendant Stanley Black & Decker, Inc.

### Jurisdiction and Venue

5.      This court has jurisdiction of this case pursuant to 28 U.S.C. §1332.

6.      Venue is proper pursuant to 28 U.S.C. §1391(a)(2).

## Factual Overview

7.    Defendant Home Depot, U.S.A., Inc. (*Home Depot*) is and has been at all times relevant to this action the owner, possessor, and operator of the Home Depot Store #8552, located at 267 Alwington Boulevard, Warrenton, VA 20186 (*Warrenton Home Depot*).

8.    Defendants Stanley Black & Decker, Inc., t/a The Stanley Works and t/a Stanley Access Technologies, and Stanley Access Technologies, LLC (collectively *Stanley Access Technologies*), at all times relevant to this action, designed, manufactured, sold, installed, maintained, serviced, and repaired the automatic powered doors installed at the Warrenton Home Depot.

9.    At all times relevant to this action, Stanley Access Technologies was the agent of Home Depot in the design, manufacture, installation, maintenance, service, and repair of the automatic powered doors at the Warrenton Home Depot.

10.    Stanley Access Technologies installed, maintained, serviced, and repaired the automatic powered doors at the Warrenton Home Depot pursuant to a Maintenance Services Agreement with Home Depot under which Stanley Access Technologies performed only on the issuance of work orders issued by Home Depot authorizing services.

11.    At all times relevant to this action, Home Depot was responsible for the actions or failure to act of its agent Stanley Access Technologies.

12.    At all times relevant to this action, Home Depot and Stanley Access Technologies knew that the design, manufacture, maintenace, use, operation, service, and repair of the automatic powered doors at the Warrenton Home Depot was required to comply with the standards, among others, of ANSI A1516.10 (American National Standard

for Power Operated Pedestrian Doors) and ANSI Z535.4-2007 (American National Standard for Product Safety Signs and Labels).

13.     Defendants specifically knew that critical aspects of the design, manufacture, installation, maintance, use, operation, service, and repair of the automatic powered doors at the Warrenton Home Depot included compliance with ANSI 156.10 entrapment protection rules regarding door speeds, forces, operation, time delays, presence and motion detection.

14.     Defendants knew, at all times relevant to this action, that the safety of Home Depot customers required a daily safety check of the power operated doors, which tests included, at a minimum, a person's access of the door from several angles, use of the door while a person was both moving and stationary, a person's performance of the tests in both upright and crouching positions, and performance of the safety checks from both directions of ingress and egress.

15.     At all times relevant to this action, no one performed the required daily safety check of the automatic powered doors at the Warrenton Home Depot.

16.     At all times relevant to this action, Home Depot failed to train its employees regarding the safe operation of the automatic powered doors at the Warrenton Home Depot, including but not limited to failing to instruct its employees to and training them how to conduct daily safety checks and failing to require its employees to read let alone comply with the Owner's Manual and industry standards applicable to the operation of automatic powered doors.

17.     The design, manufacture, installation, and operation of the automatic powered doors negligently failed to include an automatic, obligatotory, self-enforcing, fail safe mechanism to ensure a daily safety check was performed.

18.    An automatic, obligatory, self-enforcing, fail safe mechanism ensuring the performance of a daily safety check was easily and cost-effectively available as all equipment, including sensors, microprocessors, and user configurable controls of the operating characteristics of the automatic powered doors were included in the design and manufacture of them.

19.    On October 26, 2009, Mark Tingen, accompanied by his niece and a contractor, patronized the Warrenton Home Depot for the purpose of purchasing materials for the renovation of his home.

20.    While patronizing the Warrenton Home Depot on October 26, 2009, Mark Tingen was an invitee of Home Depot.

21.    While shopping at the Warrenton Home Depot, Mark Tingen was using a walker to assist his mobility during his recuperation from a recent hip surgery.

22.    Mark Tingen followed his contractor through the automatic powered doors of the Warrenton Home Depot.

23.    As Mark Tingen was exiting, the automatic powered doors closed on him, knocking him to the ground.

24.    Immediately after Home Depot's automatic powered doors knocked him to the ground, and while he was waiting for medical assistance, the Operations Assistant Store Manager of the Warrenton Home Depot stated the "doors do have sensors but they stay open for a time and he walks too slow."

25.    After Mark Tingen was taken by ambulance from the Warrenton Home Depot, the Manager and Assistant Operations Store Manager of the Warrenton Home Depot recreated the automatic powered doors striking Mark Tingen and specifically demonstrated

that by moving slowly and/or standing still and close to the leading edge of the doors they "were able to get the doors to bump us."

26.     Operation of the automatic powered doors at the Warrenton Home Depot in a manner that they would close on a patron, particularly a patron with impaired mobility, was unreasonably dangerous and hazardous.

27.     The operation of the automatic powered doors at the Warrenton Home Depot on October 26, 2010 failed to comply with industry standards for safety of their users.

28.     Defendants failed to take reasonable measures to operate the automatic powered doors at the Warrenton Home Depot in a reasonably safe condition for the intended users of the automatic powered doors.

29.     Defendants failed to take reasonable measures to warn the intended users of the automatic powered doors of the Warrenton Home Depot of their dangerous and hazardous condition.

30.     The automatic powered doors designed, manufactured, installed, operated, maintained, and serviced by Defendants were hazardous and unreasonably dangerous for their intended use, specifically including their use by Mark Tingen.

31.     The automatic powered doors at the Warrenton Home Depot closed on Mark Tingen solely through the negligence, carelessness, and recklessness of Defendants.

32.     Home Depot and Stanley Access Technologies had actual and/or constructive notice of the hazardous and unreasonably dangerous condition of the automatic powered doors at the Warrenton Home Depot, yet they failed to warn intended users of the hazardous and unreasonably dangerous condition.

33.     Despite recognizing the importance of daily safety checks to determine the automatic powered doors were operated and maintained safely, Defendants failed to perform such checks and/or failed to avail themselves of reasonably available safeguards that would require such checks be performed.

34.     On October 26, 2009, while Mark Tingen was patronizing the Warrenton Home Depot at Home Depot's invitation, Home Depot failed to have it in a reasonably safe condition for his use.

35.     Defendants failed to have reasonably safe entrapment prevention mechanisms functioning on its automatic powered doors.

36.     Defendants failed to make reasonable efforts to operate and maintain the automatic powered doors in a reasonably safe condition for their intended use.

37.     Stanley Access Technologies had the duty to use reasonable care in the design, manufacture, maintenance, service, and repair of the automatic powered doors at the Warrenton Home Depot; to make the automatic powered doors reasonably safe for intended and foreseeable uses; to make inspections and tests that were reasonably necessary to assure their product was safe for intended uses and for any other reasonably foreseeable uses; to take reasonable steps to warn those who would be exposed to their products, including Mark Tingen, of any design, manufacturing, or assembly defect or unsafe conditions of which they were or should have been aware.

38.     Stanley Access Technologies negligently designed, manufactured, sold, operated, maintained, and repaired the automatic powered doors by, among other acts, failing to install, maintain, adjust and/or use presence sensors, motion sensors, hold open

beams, and/or other safety zone components that would detect the presence of Mark Tingen in the door closing path and prevent the doors from closing on him.

39.    Home Depot had the duty to use reasonable care in the operation, maintenance, service, and repair of the automatic powered doors at the Warrenton Home Depot; to make the automatic powered doors reasonably safe for their intended and foreseeable uses; to make inspections and tests that were reasonably necessary to assure the automatic powered doors were safe for their intended uses and for any other reasonably foreseeable uses; to take reasonable steps to warn those who would be exposed to their automatic powered doors, including Mark Tingen, of any design, manufacturing, maintenance, service or assembly defect or unsafe conditions of which they were or should have been aware.

40.    Despite the importance of daily safety checks in the maintenance and operation of the automatic powered doors at the Warrenton Home Depot, Stanley Access Technologies failed to take reasonably available measures to assure their performance.

41.    Despite the importance of daily safety checks in the maintenance and operation of the automatic powered doors at the Warrenton Home Depot, Home Depot failed to perform them and to take reasonably available measures to assure their performance.

42.    It was reasonably foreseeable, if not likely, that operation and maintenance of automatic powered doors at the Warrenton Home Depot that would close on an invitee, including Mark Tingen, would cause injury.

43.    It was particularly foreseeable, if not likely, that operation and maintenance of automatic powered doors at the Warrenton Home Depot that would close on an invitee, of

any age, particularly those with impaired or diminished mobility or using assistive mobility technology, would cause injury to that invitee.

44.    It was particularly foreseeable, if not likely, that maintenance and operation of powered doors at the Warrenton Home Depot that would close on an invitee, of any age, particularly those with impaired or diminished mobility or using assistive mobility technology, with such force as to cause them to lose their balance, would cause injury to that invitee.

45.    Home Depot failed its duty to maintain the Warrenton Home Depot in a reasonably safe condition on October 26, 2009.

46.    As the direct and proximate cause of Defendants negligence, carelessness, and recklessness, Mark Tingen was seriously injured and sustained damages, incurred hospital, physician, physical and rehabilitation therapy, and other bills in an effort to be cured of his injuries, including surgery to repair his fractured left femur and 26 days of hospitalization immediately following his injuries, acute pain and suffering, and incapacity that continued throughout his rehabilitation, permanent injury, and lost wages.

47.    On December 27, 2009, Mark Tingen died.

48.    From October 26, 2009 until his death, Mark Tingen never regained the ability to walk independently.

49.    On January 13, 2010, Mary K. Seely qualified as Personal Representative of Mark L. Tingen before the Circuit Court of Fauquier County, Virginia.

## Count I
### (Premises Liability)

50.    All previous allegations in this Complaint are incorporated here.

51.     Home Depot had the duty to maintain the Warrenton Home Depot in a reasonably safe condition for Mark Tingen's patronage on October 26, 2009.

52.     Home Depot failed to perform its duty to maintain its premises in a reasonably safe condition.

53.     As Home Depot's agent, Stanley Access Technologies had the duty to maintain, service and repair the automatic powered doors at the Warrenton Home Depot to make them reasonably safe for the patrons of the Warrenton Home Depot, including Mark Tingen.

54.     Home Depot is liable and responsible for the conduct of its agent Stanley Access Technologies in the installation, maintenance, service, and repair of the automatic powered doors at the Warrenton Home Depot.

55.     Defendants knew or should have known that the automatic powered doors were not reasonably safe for it invitees use and knew or should have known that it failed to warn or otherwise advise its invitees, including Mark Tingen, of the existence of the dangerous, hazardous, and defective condition of the automatic powered doors.

56.     As the direct and proximate cause of Defendants' negligence, carelessness, and recklessness, Mark Tingen was seriously injured and sustained damages, incurred hospital, physician, physical and rehabilitation therapy, and other bills in an effort to be cured of his injuries, including surgery to repair his fractured left femur and 26 days of hospitalization immediately following his injuries, acute pain and suffering, and incapacity that continued throughout his rehabilitation, permanent injury, and lost wages.

57.     In the alternative, Mark Tingen's death on December 27, 2009 was caused by Defendants' wrongful act, neglect, or default.

58.     Mark Tingen's nieces and nephews, Michael A. Tingen, Theresa L. Murray,

Mary K. Seely, and Jeffrey E. Tingen, are the statutory beneficiaries of any damages awarded

pursuant to his wrongful death, for which they sustained damages including sorrow, mental

anguish and solace, income, services, protection and care.

WHEREFORE, Mary K. Seely, Personal Representative of Mark Tingen, moves for

judgment against Defendants, jointly and severally, alternatively (a) for the injuries sustained

by Mark Tingen or (b) for the wrongful death of Mark Tingen in the amount of

$5,000,000.00 with prejudgment interest thereon from October 26, 2009 and her costs in this

behalf expended.

### Count II
### (Product liability)

59.     All previous allegations in this Complaint are incorporated here.

60.     Defendant Stanley Black & Decker, Inc., a/k/a The Stanley Works, a/k/a

Stanley Access Technologies had a duty (a) to use reasonable care in the design, manufacture,

assembly, marketing, distribution and sale of their products, including the automatic

powered door installed at the Warrenton Home Depot, (b) to make their products

reasonably safe for intended and foreseeable uses, (c) to make inspections and tests that were

reasonably necessary to assure their products were safe for intended uses and any other

reasonably foreseeable purposes, and (d) to take reasonable steps to warn those who would

be exposed to their products, including Mark Tingen, of any design, manufacturing,

assembly defect or unsafe conditions of which it was aware or should have been aware.

61.     Defendant Stanley Access Technologies, LLC had a duty (a) to use reasonable

care in the design, manufacture, assembly, marketing, distribution and sale of their products,

including the automatic powered door installed at the Warrenton Home Depot, (b) to make their products reasonably safe for intended and foreseeable uses, (c) to make inspections and tests that were reasonably necessary to assure their products were safe for intended uses and any other reasonably foreseeable purposes, and (d) to take reasonable steps to warn those who would be exposed to their products, including Mark Tingen, of any design, manufacturing, assembly defect or unsafe conditions of which it was aware or should have been aware.

62.     Stanley Access Technologies breached that duty in

a)  negligently designing, manufacturing, assembling, marketing, distributing, and selling the automatic powered doors installed at the Warrenton Home Depot with the dangerous and defective condition that when persons walk "too slowly" or stand still by the leading edge of the doors they will be struck by the doors;

b)  negligently designing, manufacturing, assembling, marketing, distributing, and selling the automatic powered doors installed at the Warrenton Home Depot without mechanisms to prevent them from striking users who walk slowly or who may be stopped by the leading edge of the doors;

c)  negligently designing, manufacturing, assembling, marketing, distributing, and selling the automatic powered doors installed at the Warrenton Home Depot so that a reasonable purchaser and user of them was unable to discern that it was unsafe and unreasonably dangerous when used in its intended or reasonably foreseeable manner;

d)  negligently designing, manufacturing, assembling, marketing, distributing, and selling the automatic powered doors installed at the Warrenton Home Depot with false and misleading material that indicated to a reasonable purchaser and user that it was safe for use when used in its intended or reasonably foreseeable manner;

e)  failing to use reasonable care to warn purchasers and ultimate users of the special dangers posed by their product, and by designing, manufacturing, assembling, marketing, distributing, and selling the automatic powered doors at the Warrenton Home Depot with notices it knew to be inadequate to prevent serious injuries;

f) failing to use reasonable care to warn or advise purchasers and ultimate users of the automatic powered doors at the Warrenton Home Depot of appropriate and inappropriate method of use of its product;

g) failing to use reasonable care to warn purchasers and ultimate users of the inherently dangerous design, manufacturing, and assembly characteristics of the automatic powered doors at the Warrenton Home Depot;

h) failing to maintain, repair, and/or operate the automatic powered doors at the Warrenton Home Depot with hold open mechanisms and time delay, including presence and motion sensors, hold open beams, and operator controllable timing settings to prevent their detection of the presence of Mark Tingen within the closing path of as long as he remained in the closing path;

i) failing to design the automatic powered doors with automatic, obligatotory, self-enforcing, fail safe mechanism to ensure a daily safety check was performed, which design was easily and cost-effectively available;

j) such other acts and omissions as discovery may reveal.

63.     As the direct and proximate cause of Stanley Access Technologies' negligence, carelessness, and recklessness, Mark Tingen was seriously injured and sustained damages, incurred hospital, physician, physical and rehabilitation therapy, and other bills in an effort to be cured of his injuries, including surgery to repair his fractured left femur and 26 days of hospitalization immediately following his injuries, acute pain and suffering, and incapacity that continued throughout his rehabilitation, permanent injury, and lost wages.

64.     In the alternative, Mark Tingen's death on December 27, 2009 was caused by Stanley Access Technologies' wrongful act, neglect, or default.

65.     Mark Tingen's nieces and nephews, Michael A. Tingen, Theresa L. Murray, Mary K. Seely, and Jeffrey E. Tingen, are the statutory beneficiaries of any damages awarded pursuant to his wrongful death, for which they sustained damages including sorrow, mental anguish and solace, income, services, protection and care.

WHEREFORE, Mary K. Seely, Personal Representative of Mark Tingen, moves for judgment against Defendants, jointly and severally, alternatively (a) for the injuries sustained by Mark Tingen or (b) for the wrongful death of Mark Tingen in the amount of $5,000,000.00 for compensatory damage with prejudgment interest thereon from October 26, 2009 and her costs in this behalf expended.

### Jury Trial Demand

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Mary K. Seely, Personal Representative demands a trial by jury on all issues in the Complaint triable by a jury.

> MARY K. SEELY, PERSONAL REPRESENTATIVE
> OF MARK L. TINGEN
> By counsel

_____

J. Scott Krein, VSB No. 26656
KREIN LAW FIRM
4000 Genesee Place, Suite 117
Prince William, VA 22192
tel. 703.580.8377
fax 703.580.8553
Counsel for Mary K. Seely, Personal Representative
of Mark L. Tingen